# McCormick, Appellant, *v.* T. W. Phillips Manufacturing Company.

*Judgment—Satisfaction—Tender—Costs.*

Where the wife of one of the defendants in a judgment pays off the judgment, and takes an assignment of the same from the attorney of the plaintiff, and thereafter the plaintiff inadvertently satisfies the judgment, the assignee of the judgment cannot maintain an action against the plaintiff for the amount of the judgment without tendering a reassignment thereof. If she starts a suit and thereafter tenders a

reassignment, which is at once accepted and all due on the judgment paid to her, she cannot recover the costs of the suit which she started without a tender.

Argued May 9, 1911.  Appeal, No. 67, April T., 1911, by plaintiff, from judgment of C. P. Butler Co., March T., 1910, No. 84, for defendant on case stated in suit of Susan A. McCormick v. T. W. Phillips Manufacturing Company.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Case stated to determine liability for costs.

GALBREATH, P. J., filed the following opinion:

The defendant company recovered a judgment on suit brought before George Huselton, a justice of the peace of Millerstown borough, this county, against W. A. McCormick, B. B. Sybert, and James S. Shakely for $132.53. The present plaintiff, who was the wife of W. A. McCormick, one of the defendants in said judgment, paid to Clarence Walker, Esq., the attorney for the T. W. Phillips Company, the amount of said judgment and took an assignment thereof.  Subsequent to said assignment, W. H. Hite, an employee of said company, being in the office of Justice Huselton, was informed by said justice that the said company had received the amount of said judgment, whereupon said Hite, at the suggestion of the justice receipted said judgment on the record without the knowledge of said company.  Neither the justice nor Hite had any knowledge at that time of the assignment of said judgment, but seem to have assumed that inasmuch as the plaintiff company had received the amount of said judgment, it was therefore paid.  The receipt thus placed on the record of the justice was wholly an inadvertence, and after learning the facts said Hite sought to rescind his action by means of a statement of the facts upon the docket of said justice.  In the meantime, however, the wife of McCormick to whom said judgment was assigned, brought suit against said company to recover

back, with interest, the amount paid for said judgment but without tendering a reassignment of said judgment.

On the trial of the case, the court sustained the position that the plaintiff was not entitled to recover without tendering a reassignment of the judgment, on the ground that she could not retain the judgment, and, at the same time, recover the price paid for it. The receipt inadvertently placed on the docket of the justice was in law a nullity and could not have availed as a defense for the defendants therein. The court of the justice, not being one of record, the receipt placed thereon was no more conclusive than a loose receipt to the same effect. The judgment still had life and substance, and presumably value, and the plaintiff therein, as we take it, was not in position to recover the price of said judgment so long as she still retained it. She was the actor and it devolved upon her to take this necessary step before or at the inception of her suit. This, however, she did not do until in the progress of the case its necessity became apparent. Thereupon the defendant accepted the tendered reassignment of the judgment and paid to said plaintiff the amount thereof, with interest from date of the assignment.

As the question of liability for costs could not be agreed upon by the parties, it was agreed that the same should be determined by the court as upon a case stated on the facts as they appeared of record in the case. We think that under the facts as above outlined, the plaintiff was bound to place the defendant in statu quo before she was in position to recover, and, as this was not done until she tendered the reassignment of the judgment at the time of trial, it would seem that she cannot recover costs up to that time and as the tender was at once accepted, no further costs accrued. Judgment in favor of the defendant and against the plaintiff for the amount of the costs is therefore directed to be entered on the case stated.

*Error assigned* was the judgment of the court.

*W. H. Martin,* for appellant, cited: Hendrick v. Thomas,

106 Pa. 327; Taber v. Olmsted, 158 Pa. 351; Murphy v. Flood, 2 Grant (Pa.) 411; Babcock v. Case, 61 Pa. 427; Burns v. McCabe, 72 Pa. 309; Rumsey v. Shaw, 25 Pa. Superior Ct. 386.

*T. C. Campbell,* with him *C. Walker,* for appellee, cited: Buffington v. Bernard, 90 Pa. 63; Mitchell v. Buffington, 10 W. N. C. 361; Gaullagher v. Caldwell, 22 Pa. 300; Beetem v. Burkholder, 69 Pa. 249.

OPINION BY BEAVER, J., July 13, 1911:

The opinion of the court below clearly sets forth the facts which were practically agreed upon, the only question undetermined being the liability for costs which it was agreed should be determined by the court, as upon a case stated, on the facts as they appeared of record in the case. This question we think was properly disposed of for the reasons given by the court in its opinion.

On the trial in the court below, it was admitted by the defendants that the judgment obtained by them against McCormick, Sybert and Shakely had been paid by Susan A. McCormick, the wife of the first defendant, and that the judgment had been assigned to her prior to the satisfaction thereof, entered by their agent, Hite. When the assignment made by their attorney to the plaintiff in this case was tendered, it was promptly accepted and the amount, with interest thereon from the date of the assignment, was paid to her. No previous tender of the assignment had been made and the court held that, inasmuch as the defendants in this case restored the status quo immediately upon a tender of the assignment, they were not liable for costs.

A practically similar question is quite fully discussed and authorities cited in Buffington v. Bernard, 90 Pa. 63. The principle decided in that case seems to us to rule the one under consideration, and justified the court in the conclusion reached by it, that the plaintiff having brought her action against the defendants, without an effort to

restore the status quo, and her tender of the assignment having been accepted the moment it was tendered, and the money with interest thereon paid to her, the defendants were not liable for costs.

See also Beetem's Admrs. v. Burkholder, 69 Pa. 249. It was there decided that, "Where a party has a right to rescind a contract and elects to do so, he must give notice to the vendor and offer to return the thing sold before suit to recover back his money, unless the thing which was the consideration of the contract be entirely worthless."

The satisfaction entered by Hite, the agent of the defendants, in the judgment held by them against McCormick and others was not a discharge of the defendants, particularly in view of the fact that the satisfaction was explained by a subsequent entry on the docket of the justice that the satisfaction was a mistake, and that the money had been paid not by any of the defendants but by the wife of one of them. Doubtless upon that state of the record, if the plaintiff had filed her assignment and issued an execution, if there were property belonging to any of the defendants from which the judgment could have been collected, she would have received her money. The judgment was, therefore, not valueless by reason of the satisfaction, and it was consequently incumbent upon her to tender the assignment to the defendants before bringing her suit.

The satisfaction having been inadvertently entered and the true state of the case entered upon the docket of the justice of the peace as soon as it was discovered by the agent, the plaintiff's rights were not in any way impaired, as we view it, and, therefore, the necessity of restoring the status quo by her before bringing suit against the defendants.

Judgment affirmed.